Citation Nr: 1706030 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 09-36 268 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical Center in Syracuse, New York


THE ISSUE

Entitlement to payment or reimbursement for air transportation from Florida to Syracuse, New York, for the purpose of a Department of Veterans Affairs (VA) compensation and pension examination on December 4, 2006, at the VA medical center in that city. 

(The issues of entitlement to service connection for right footdrop secondary to type II diabetes mellitus with diabetic neuropathy, entitlement to special monthly compensation based on loss of use of the right foot, entitlement to an increased rating for type II diabetes mellitus, entitlement to an increased rating for diabetic peripheral neuropathy of the right foot, entitlement to an effective date prior to July 3, 2006, for service connection for type II diabetes mellitus, entitlement to an effective date prior to July 3, 2006, for service connection for peripheral neuropathy of the right foot, entitlement to an effective date prior to July 3, 2006, for service connection for peripheral neuropathy of the left foot, and entitlement to an effective date prior to July 3, 2006, for service connection for peripheral neuropathy of the left hand, are the subject of a separate decision under a different docket number ). 


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Joseph P. Gervasio, Counsel


INTRODUCTION

The Veteran, who is the appellant, served on active duty from June 1968 to November 1970. 

This case comes to the Board of Veterans' Appeals (Board) on appeal of a decision of the VA Medical Center in Syracuse, New York, (VAMC) that denied payment or reimbursement for air transportation from Florida to Syracuse, New York, for the purpose of a VA compensation examination at that facility in December 2006. 

The case was remanded by the Board in October 2010 so that the Veteran could be afforded a videoconference Board hearing. This was accomplished in August 2016, and the case has been returned for further appellate consideration. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required on his part.


REMAND

As noted, the VAMC denied reimbursement for air transportation expenses that the Veteran incurred in order to attend the VA compensation examination that had been scheduled for December 2006. As noted at the hearing on appeal, the VAMC folder has not been made available for review by the Board, including review of the complete electronic claims folder. Missing documents include the Statement of the Case (SOC) and any Supplemental SOC that may have been furnished to the Veteran and the substantive appeal. Obviously, these documents must be associated with the record prior to appellate consideration. As such, the case is remanded to the VAMC so that the entire pertinent record may be available for review. 

Accordingly, the case is REMANDED for the following action:

The VAMC should associate with the Veteran's Veterans Benefits Management Center file all documents pertinent to its development of the claim and subsequent appeal for payment or reimbursement for expenses incurred by the Veteran in December 2006. Thereafter, the case should be returned to the Board for further appellate review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court 
of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
BARBARA B. COPELAND 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).